**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LORIANN DEUEL; LORRAINE DEUEL,

                            Plaintiff,

- v -                                      Civ. No. 1:11-CV-637
                                                           (GTS/RFT)

FRANK T. DALTON; STATE OF NEW YORK, *Eric T. Schneiderman as the Attorney General of the State of New York*; NEW YORK STATE UNIFIED COURT SYSTEM; PHILIP J. DANAHER, ESQ., *as the attorney appointed to act as Law Guardian for BMD*; CATHERINE CHOLAKIS, *as the presiding justice of the Family Court assigned to this proceeding*; JOHN & JANE DOES 1-100, *whose identities may or may not be known but necessary to these proceedings*; ABC CORP'S 1-100, *those entities whose identities are currently unknown, but necessary parties to these proceedings*,

                            Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

LORIANN & LORRAINE DEUEL
Plaintiffs, *Pro Se*
414 Virgil Crowell Road
Unionville, TN 37180

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent to the Court a civil rights Complaint filed by *pro se* Plaintiffs Loriann and Lorraine Deuel, along with Applications to Proceed with this Matter *in forma pauperis* (IFP). Dkt. No. 1, Compl.; Dkt. Nos. 2 & 3, IFP Apps.

Turning first to Plaintiffs' Motions to Proceed *in Forma Pauperis*, after reviewing their Applications, this Court finds that each Plaintiff may properly proceed IFP. Dkt. No. 2.

Our review of Plaintiffs' submission, however, does not end there for we must also, pursuant

to 28 U.S.C. § 1915(e)(2), review the adequacy of the stated claims within the Complaint.

Upon information and belief, Plaintiffs bring this Complaint pursuant to 42 U.S.C. § 1983 as well as various state laws. Compl. at ¶¶ 11-14.[1] In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Throughout the Complaint, Plaintiffs relay the story of an ongoing custody battle over Loriann's minor child, who was born out of wedlock. The putative father of said child is Defendant Frank Dalton, however Plaintiffs assert that no paternity test has ever established his paternal rights over the child. Notwithstanding this alleged fact, through a series of family court proceedings in New York State Family Court, Mr. Dalton obtained, and currently has, custody over the minor child. Most of the Complaint deals with alleged constitutional violations Plaintiffs[2] suffered as a result of being denied due process in connection with these proceedings and being deprived of their liberty interests in the relationship with and custody over the minor child.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the want of its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003). Upon review, as explained

---

[1] Plaintiffs further assert that the action is being brought pursuant to 28 U.S.C. § 2254 "on behalf of a child in unlawful custody against her will pursuant to the judgment of a State court on the grounds that the party is in custody in violation of the Constitution of the United States." Dkt. No. 1, Compl., at ¶ 14. However, Plaintiffs misconstrue the breadth of the power of this writ. The phrase "in custody" as it is used in that statute, does not encompass custody over a child and the Supreme Court has stated that the federal *habeas corpus* statute is not available to challenge parental rights or child custody. *Lehman v. Lycoming Cnty. Children's Servs.*, 458 U.S. 502, 511-12 & 516 (1982); *see also Donkor v. City of New York Human Res. Admin. Special Servs. for Children*, 673 F. Supp. 1221 (S.D.N.Y. 1987).

[2] There are no factual allegations relative to Lorraine Deuel, presumably the minor child's grandmother. The Complaint details facts relevant to Loriann's experiences.

below, this Court finds that it lacks the subject matter jurisdiction to entertain this lawsuit.

Federal courts generally lack subject matter jurisdiction over claims relating to divorce, alimony, and child custody disputes:

> A century ago, . . . the Supreme Court, sagely circumscribed the jurisdiction of federal courts as regards domestic relations when it held that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890).

*Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990).

In *Neustein*, the plaintiff commenced a § 1983 action alleging that her constitutional rights were violated when during her state child custody proceedings she was denied her rights to confront witnesses, to equal protection, and to due process. *Id*. at 335. The Court in *Neustein* concluded that it lacked jurisdiction because it could not address factual disputes related to domestic relations. *Id*. at 339. The *Neustein* Court further stated that "even if [it] were only asked to decide the question of damages it could not do so without analyzing the basis for the custody determination." *Id*.; *see also Durr v. Mobley*, 1993 WL 118486, at *2 (S.D.N.Y. Apr. 12, 1993) (claims of child support and child custody "are at the core of the domestic relations exception") (citations omitted); *McArthur v. Bell*, 788 F. Supp. 706, 708-09 (E.D.N.Y. 1992) (domestic relations exception deprived district court of jurisdiction over former husband's § 1983 claim alleging that he was denied due process in state court proceeding where wife received an upward adjustment of child support).

As in *Neustein*, in order to address this action, this Court would "necessarily be required to review and interpret questions of child support issues more appropriately left to the state courts." *Cashman v. Rosenberger*, 2005 WL 1331127, at *3 (N.D.N.Y. June 1, 2005). In this respect, this Court lacks subject matter jurisdiction and we therefore recommend dismissal of this action.

Even if this Court had the jurisdiction to entertain the purported Fourteenth Amendment

violations pursuant to 42 U.S.C. § 1983, this action is barred by the applicable time limitations. It appears that the events giving rise to any purported due process violation, *i.e.* failure to provide adequate notice to Loriann of certain custody/visitation/support proceedings, took place in 2002, when visitation rights were first granted to Mr. Dalton, and continued through 2004, when, after being granted custody over the child, Mr. Dalton traveled to Tennessee to execute his New York State Custody Order and retrieved the child, bringing her back to New York. Family court proceedings have continued in this case as late as August 2010, and this action was eventually filed on June 8, 2011. But the facts giving rise to the due process violations occurred outside the three-year limitations period allotted for civil rights actions. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action); *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which, for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years); N.Y.C.P.L.R. § 214(5). The only facts that fall within the limitations period concern petitions filed in New York State Family Court to modify visitation and/or support. *See* Compl. at ¶¶ 93-95 & 103-120. However, none of those factual allegations give rise to any cognizable cause of action.[3] Thus, we alternatively recommend

---

[3] And, as to any proceedings currently pending, it is highly probable that the *Younger* Abstention Doctrine would apply as to any request for injunctive relief. The *Younger* Abstention Doctrine provides that federal courts generally must abstain from adjudicating federal claims that "involve or call into question ongoing state proceedings." *Lomtevas v. Cardozo*, 2006 WL 229908, at *4 (E.D.N.Y. Jan. 31, 2006) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). *Younger* abstention is proper when: "(1) there is an ongoing state
(continued...)

**dismissing** this entire action as untimely and failing to state a claim for relief.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiffs' Motions to Proceed with this Matter *in Forma Pauperis* (Dkt. Nos. 2 & 3) be **granted**; and it is further

**RECOMMENDED**, that pursuant to this Court's review under 28 U.S.C. § 1915(e), this entire action be **dismissed** for lack of subject matter jurisdiction, failing to state a claim, and because it is untimely; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiffs.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

---

[3](...continued)
proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Lomtevas v. Cardozo*, 2006 WL 229908, at *4 (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d at 198). All three of the requirements for *Younger* abstention are met in the present case. First, there appears to be an ongoing state proceeding in New York State Family Court concerning child custody. Second, New York State has a clear interest in overseeing the child custody matters. *See, e.g., Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *Neustein v. Orbach*, 732 F. Supp. 333, 341 (E.D.N.Y. 1990) ("[W]e should be especially careful to avoid unnecessary or untimely interference with the State's administration of its domestic policies."). Third, there is no indication that Plaintiff lacks the opportunity to pursue her claims in New York's appellate courts.

Furthermore, several of the named Defendants cannot be sued under § 1983 as in the case of Mr. Dalton and Philip Danaher, Esq, who are not state actors, and in the case of Judge Cholakis, who would be entitled to absolute immunity. *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) for the proposition that the definition of acting under color of state law requires that the section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967) for the proposition that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" ).

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  July 19, 2011
       Albany, New York

_____
RANDOLPH E. TREECE
United States Magistrate Judge