UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORIANN DEUEL and LORRAINE DEUEL,

                        Plaintiffs,

v.                                                     1:11-CV-0637 (GTS/RFT)

FRANK T. DALTON; STATE OF NEW YORK;
NEW YORK STATE UNIFIED COURT SYSTEM;
PHILIP J. DANAHER, ESQ., as the attorney appointed
to act as Law Guardian for BMD; CATHERINE CHOLAKIS,
as the presiding justice of the Family Court assigned to
this proceeding; JOHN & JANE DOES 1-100, whose
identities may or may not be known but necessary
parties to these proceedings; ABC CORP'S 1-100,
those entities whose identities are currently unknown,
but necessary parties to these proceedings,

                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

LORIANN and LORRAINE DEUEL
   Plaintiffs, *Pro Se*
414 Virgil Crowell Road
Unionville, Tennessee 37180

HON. GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Loriann Deuel and Lorraine Deuel ("Plaintiffs") against the above-captioned defendants (together "Defendants"), are (1) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Plaintiff's Complaint be dismissed, and (2) Plaintiffs' Objections to that Report-Recommendation. (Dkt. Nos. 4, 5.) For the following reasons, the Report-Recommendation is accepted and adopted, and Plaintiffs' Complaint is dismissed.

I.     **RELEVANT BACKGROUND**

    A.     **Plaintiffs' Complaint**

On June 8, 2011, Plaintiffs filed their Complaint in this action. (Dkt. No. 1.) Generally, in their Complaint, Plaintiffs allege that Defendants violated their constitutional right to due process and equal protection under 42 U.S.C. § 1983 in connection with various custody proceedings involving Plaintiff Loriann's minor child, BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special liberality, Plaintiffs' Complaint asserts the following six claims against Defendants: (1) Defendants New York State Unified Court System and Cholakis violated, and/or conspired to violate, Plaintiffs' due process rights under the Fourteenth Amendment by, *inter alia*, improperly (a) exercising jurisdiction over Plaintiffs during various custody proceedings from 2002 to 2004, where no such jurisdiction existed, (b) failing to notify her of various of those court proceedings, (c) holding various of those proceedings in her absence, and (d) awarding Defendant Dalton custody of BMD, even though Defendant Dalton had not established paternity; (2) Defendants New York State Unified Court System and Cholakis violated, and/or conspired to violate, Plaintiffs' equal protection rights under the Fourteenth Amendment by denying Plaintiffs their parental and familial rights; (3) Defendants New York State Unified Court System, Cholakis and Danaher committed, and/or conspired to commit, fraud against Plaintiffs; (4) Defendants New York State Unified Court System, Cholakis and Danaher suborned, and/or conspired to suborn, perjury by Defendant Dalton; (5) Defendant Cholakis, New York State Family Court Judge committed judicial misconduct against Plaintiffs; and (6) Defendant Danaher committed professional misconduct against Plaintiffs. (Dkt. No. 1 at 30-34.)

For a more detailed recitation of Plaintiffs' claims, and the factual allegations giving rise to those claims, reference is made to Plaintiffs' Complaint and Magistrate Judge Treece's Report-Recommendation in their entireties. (Dkt. Nos. 1, 4.)

### B. Magistrate Judge Treece's Report-Recommendation

On July 19, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Plaintiffs' Complaint be dismissed for the following reasons: (1) the Court lacks subject-matter jurisdiction over domestic relations matters, including those related to child custody; (2) Plaintiffs' claims are barred by the applicable statute of limitations; and (3) Plaintiff has failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). (*See generally* Dkt. No. 4.)

### C. Plaintiffs' Objections to the Report-Recommendation

On August 1, 2011, Plaintiffs filed their Objections to the Report-Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, the Court "may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b)(2) and (3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review.[4]  Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[3]     *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999); *Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

[4]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted by the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010 (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." [internal quotations marks omitted.]).

B.      **Legal Authority for Reviewing a Complaint** *Sua Sponte*

Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that action"; (2) 28 U.S.C. § 1915(e)(2)(B), which provides that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that–. . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as barred by the applicable statute of limitation may fall within the ambit of the Court's power to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e).[6] In addition, the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).[7]

---

[6]     *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of te complaint."); *accord, Pratts v. Coombe*, 49 F. App'x 392, 393 (2d Cir. 2003).

[7]     *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e]); *Buckenberger v. Reed*, 10-CV-0856, 2010 WL 1552672, at *1 (E.D. La. Mar. 16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell*, 09-CV-0466, 2010 WL 653798, at *2-3 (S.D. Ala. Feb. 18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn*, 06-CV-0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun. 7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow*, 06-CV-12814, 2006 WL 2160934, at *1 (E.D. Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen*, 95-CV-

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also is well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).[8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir. 1991).[9]

---

2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul. 11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

[8] The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001).

[9] The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata*, and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 124.

  **C.**  **Legal Standard Governing Dismissal Based on Lack of Subject-Matter Jurisdiction**

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report-Recommendation. (Dkt. No. 4 at 2-3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

  **D.**  **Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations**

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report-Recommendation. (Dkt. No. 4 at 3-4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

  **E.**  **Legal Standard Governing Dismissal Based on Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an

actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[11] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[12]

### F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, *"the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I.A. Durbin, Inc. v. Jefferson*

---

[10] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[11] *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[12] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

*Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn*, 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson*, 361 F. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within the certified class).[13]  There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis*, 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id*. at 138-39.[14]

      **G.**    **Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel**

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002); *see also Fay v. South Colonie Cent. Sch. Dist.*, 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 [1981]), *overruled on other grounds*, *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002).

---

[13]   *See also Flemming v. Wurzberger*, 322 F. App'x 69, 71 (2d Cir. 2009); *Curtis*, 226 F.3d at 138.

[14]   *See also Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C. Cir. 1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir.2007); *Marvel*, 310 F.3d at 288-89.

### III.   ANALYSIS

As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report-Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (*See generally* Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report-Recommendation to which Plaintiffs object to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report-Recommendation to which they object, they fail to provide any legal basis for the objection. (*See generally* Dkt. No. 5 at 4-6.) As a result, the Court reviews that portion of Magistrate Judge Treece's Report-Recommendation to which Plaintiffs object for only clear error. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report-Recommendation to the appropriate level of review, the Court finds no error in the Report-Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report-Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a *de novo* review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) *Deuel v. Dalton*, 06-CV-0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) *Deuel v. Dalton*, 11-CV-0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice,[15] the second of these two actions is still pending in the Middle District of Tennessee–contributing to the waste of judicial

---

[15] *Deuel v. Dalton*, 06-CV-0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). *See also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel.[16] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. *Deuel v. Dalton*, 11-CV-0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity.[17] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1-100 and ABC Corp's 1-100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this

---

[16] For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1-100, and ABC Corp's 1-100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, *inter alia*, the unfavorable rulings Plaintiff Loriann Deuel received in child-custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. *See Deuel v. Dalton*, 11-CV-0466, Complaint, at 4-5, 9-12, 15-18, 30-32 (M.D. Tenn. filed May 16, 2011).

[17] The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

action (or even that she bears any familial or custodial relationship to BMD).  (*Id.*)[18]  Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel.  As a result, this action is dismissed based also on this alternative ground.

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in Plaintiff's Complaint are substantive rather than formal.[19]  As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them.[20]

---

[18]   The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision" is simply not sufficient to state the claims in question.  (Dkt. No. 5, at 6.)

[19]   For example, lack of subject-matter jurisdiction and the expiration of the statute of limitations are substantive defects. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.*, 152 F. Supp.2d 443, 455 (S.D.N.Y. 2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] . . . presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss . . ., amendment would be futile."); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if. . . the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation*, 303 F. Supp.2d 385, 390 (S.D.N.Y. 2004).

[20]   *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v.*

16

ACCORDINGLY, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated:   January 25, 2012
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

*Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").